FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 05 2010

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| ELIZABETH THORNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:10-CV-1562 BSM |
| | ) This case assigned to District Judge Miller |
| PREMIER RECOVERY, INC., | ) and to Magistrate Judge Young |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, PREMIER RECOVERY, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ELIZABETH THORNHILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of North Little Rock, County of Pulaski, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was incurred by Plaintiff as a result of her personal and/or household expenditures.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. PREMIER RECOVERY, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is incorporated in the State of Kentucky.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

13. On or about July 26, 2010, Plaintiff received an automated voicemail message from Defendant.

14. The aforesaid voicemail message stated "[t]his is a representative from Premier Recovery Incorporated."

15. At no time during the course of the aforementioned voicemail message to Plaintiff did Defendant provide information relative to the individual caller's identity.

16. The aforesaid voicemail message further stated that Plaintiff was to contact Defendant regarding "an important business matter."

17. Defendant's representation that it was calling in relation to an important business matter was false, deceptive and/or misleading given that Defendant was calling Plaintiff in an attempt to collect a personal debt allegedly owed by Plaintiff.

18. On or about July 29, 2010, on or about August 3, 2010 and on or about August 4, 2010, Defendant left additional automated voicemail messages for Plaintiff.

19. The contents of the three (3) aforementioned voicemail messages were identical to the contents of the voicemail left by Defendant for Plaintiff on or about July 26, 2010.

20. At no time during the course of the three (3) aforementioned voicemail messages left by Defendant for Plaintiff did Defendant provide information relative to the individual caller's identity.

21. Again, Defendant's representations, during the three (3) aforesaid voicemail messages, that it was calling in relation to an important business matter were false, deceptive and/or misleading given that Defendant was calling Plaintiff in an attempt to collect a personal debt allegedly owed by Plaintiff.

22. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10); and,

   d. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V. JURY DEMAND

24. Plaintiff hereby demands a trial by jury on all issues so triable.

### VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, respectfully prays for judgment as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

   d. Any other relief deemed appropriate by this Honorable Court.

               Respectfully submitted,
               ELIZABETH THORNHILL

            By: _/s/ David M. Marco_
               David M. Marco
               Attorney for Plaintiff

Dated: November 1, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us